UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRÉS MARTÍNEZ,

                Plaintiff,

-against-

ROBERT F. CUNNINGHAM, et al.,

                Defendants.

1:19-CV-10420 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

      By order and judgment dated December 16, 2019, and entered the next day, the Court dismissed this action without prejudice as duplicative of *Martínez v. Cunningham*, ECF 1:19-CV-10517 (CM), which is pending in this Court. On February 10, 2020, the Court received a letter from Plaintiff that is dated February 4, 2020. (ECF 5.) In his letter, Plaintiff challenges the Court's decision to dismiss this action. The Court construes Plaintiff's letter as a motion brought under Rule 60(b) of the Federal Rules of Civil Procedure in which Plaintiff seeks relief from the Court's December 16, 2019 order and judgment. For the reasons set forth below, the Court denies Plaintiff's Rule 60(b) motion.

## DISCUSSION

      Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been

> reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Under a liberal interpretation of the motion, Plaintiff has failed to allege any facts showing that any of the grounds listed in the first five clauses of Rule 60(b) applies. Accordingly, to the extent that Plaintiff seeks relief under Rule 60(b)(1)-(5), the Court denies that relief.

"[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)) (alteration in original, internal quotation marks omitted). A person seeking Rule 60(b)(6) relief must show both that his motion was filed within a "reasonable time" and that "extraordinary circumstances [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (internal quotation marks and citation omitted).

Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). Thus, to the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court denies that relief as well.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court construes Plaintiff's letter (ECF 5) as a motion brought under Rule 60(b) of the Federal Rules of Civil Procedure, and the Court denies that motion.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that "a

defendant's good faith in [a criminal] case [is] demonstrated when he seeks appellate review of any issue not frivolous").

SO ORDERED.

Dated: March 10, 2020
        New York, New York

                                                      COLLEEN McMAHON
                                          Chief United States District Judge